**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 2:10cr205 (RCY) |
| | ) |
| WADE ANDERSON WATFORD, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION

Wade Anderson Watford, a federal inmate, proceeding initially *pro se*, but thereafter represented by counsel, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 35) to vacate, set aside, or correct his conviction as to Count Three. In response to the Court's Orders of August 21, 2017 (ECF No. 41), September 28, 2018 (ECF No. 48), and June 28, 2019 (ECF No. 51), there was supplemental briefing by both Watford and the United States (ECF Nos. 52, 55, 57, 60 & 61). The matter is ripe for disposition.

In his § 2255 Motion, Watford demands relief upon the following grounds:[1]

Claim One   The conviction and sentence as to Count Three, 18 U.S.C. § 924(c): "is now unconstitutional and should be corrected to reflect his normal guideline range and [run] concurrent, in light of the U.S. Supreme Court's ruling in *Johnson*." (§ 2255 Mot. 2.[2]) Watford contends "that the conviction for conspiracy to interfere with commerce by robbery was not a crime of violence under the force or

---

[1] Watford does not specifically designate multiple claims for relief. Nevertheless, because Watford has advanced different theories as to why he is entitled to relief, the Court will refer to Watford as raising claims.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

> elements clause of Section 924(c)(3)(A)." (Pet'r's Second Suppl. Br., ECF No. 60, at 1.)

For the reasons stated herein, Watford's § 2255 Motion will be denied.

## I. Procedural History

An indictment was returned on December 17, 2010 (ECF No. 11), charging Watford with five counts: Count One, Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a); Counts Two and Four, Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 ("Hobbs Act Robbery"); and Counts Three and Five, Use of a Firearm during a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (Indictment, ECF No. 11.) Specifically, as pertinent here, Count Two charged:

> On or about September 19, 2010, in Virginia Beach, . . . the defendant, WADE ANDERSON WATFORD, and another person, aided and abetted by another, did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, . . . by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant, WADE ANDERSON WATFORD, and another person, aided and abetted by one another, did unlawfully take and obtain personal property consisting of U.S. currency in the amount of approximately $800 from the person and in the presence of another person and persons at Sal's Pizza, against that person and persons' will by means of actual and threatened force, violence, and fear of injury, immediate and future to that person or persons.

(ECF No. 11, at 2.) And, Count Three charged:

> On or about September 19, 2010, in Virginia Beach, Virginia . . . the defendant, WADE ANDERSON WATFORD, and another person, aided and abetted by one another, did knowingly and unlawfully use, carry and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely: interference with commerce by means of robbery . . . as set forth in Count Two of this indictment.

(*Id.* at 3.)

On February 25, 2011, Watford pled guilty to Counts One and Three by way of a written plea agreement and statement of facts. (ECF Nos. 22-26.) On June 3, 2011, Watford was sentenced to 180 months on Count One and 120 months on Count Three, to be served consecutively as required by the Count Three statute of conviction, for a total term of imprisonment of 300 months. The Judgment in a Criminal Case was entered on June 13, 2011.[3] (ECF No. 31.)

This § 2255 Motion was filed on April 25, 2016. (ECF No. 35.) On August 5, 2016, the United States filed a motion to dismiss the § 2255 Motion on timeliness grounds. (ECF No. 38.) Watford filed a reply to the motion to dismiss and a motion to stay. (ECF Nos. 39, 40.) The Court, by Order issued on August 21, 2017, reserved ruling at that time and permitted Watford and the United States to submit additional briefing on the issue of timeliness. (ECF No. 41.) On September 28, 2018, the Court denied the motion to dismiss, found the § 2255 Motion to be timely, and granted Watford's motion to stay, pending the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Hassan Ali*. (ECF No. 48.) On June 28, 2019, the Court granted Watford's motion for appointment of counsel and ordered supplemental briefing. (ECF No. 51.) Both parties filed supplemental briefs. (ECF Nos. 52, 55, 57, 60 & 61.) On April 13, 2021, this matter was reassigned to the undersigned.

---

[3] Watford's sentence was reduced from 300 months to 150 months, by Order issued on October 24, 2014 (ECF No. 34), as also noted in ECF Nos. 41 and 60.

## II. Facts

In the Statement of Facts, "[t]he parties stipulate[d] that the allegations in Counts 1 and 3 of the Indictment and the following facts [were] true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt."

>  1. From on or about September 19, 2010, to on or about September 21, 2010, WADE ANDERSON WATFORD conspired with at least two other persons, one of whom was a juvenile, to engage in armed robberies of commercial establishments.
>  2. On September 19, 2020, at approximately 9:50 p.m., WADE ANDERSON WATFORD and another individual, who was at that time under 18 years of age, entered a Sal's Pizza located in Virginia Beach, Virginia, which is within the Eastern District of Virginia. The other individual with WADE ANDERSON WATFORD carried a firearm, specifically, a revolver, to use in the robbery. WADE ANDERSON WATFORD and his co-conspirator demanded money from the employees of Sal's Pizza and, when the employees did not immediately comply with their demands, WADE ANDERSON WATFORD's co-conspirator fired one shot from his revolver into the ceiling. WADE ANDERSON WATFORD and his co-conspirator obtained approximately $800 from the register at Sal's Pizza, forced everyone in the restaurant to lie on the floor, and then fled the scene. Sal's Pizza is a commercial establishment, and its activities affect interstate commerce.
>  3. On September 21, 2010, at approximately 10:25 p.m., a co-conspirator of WADE ANDERSON WATFORD entered a LukOil located in Virginia Beach, Virginia, which is within the Eastern District of Virginia. The co-conspirator carried a firearm to use in the robbery. The co-conspirator began demanding that R.R., a LukOil employee, open the safe. After R.R. stated that he could not open the safe, the co-conspirator shot R.R. in the abdomen with the firearm. The co-conspirator then stole R.R.'s wallet from his pocket and several packages of cigarettes from the store. WADE ANDERSON WATFORD drove the co-conspirator to the area where the robbery occurred, and he drove the co-conspirator away from the area where the robbery occurred. WADE ANDERSON WATFORD, therefore, aided and abetted [] in the LukOil robbery. LukOil is a commercial establishment, and its activities affect interstate commerce. As a result of the shooting, R.R. suffered serious and permanent bodily injuries.

    4. The acts taken by the defendant, WADE ANDERSON WATFORD, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under his plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

(Statement of Facts, ECF No. 24.)

### III. Analysis

**A. Watford's Primary Argument for Relief**

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[4] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently,

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319 (2019). However, Watford's § 924(c) predicate offense, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 849

(7th Cir. 2017); *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016)), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640 (2019). Furthermore, the Fourth Circuit has concluded that "aiding and abetting a crime of violence is also categorically a crime of violence." *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 486 (Nov. 15, 2021). Therefore, "aiding and abetting Hobbs Act robbery is a valid predicate under § 924(c)'s force clause." *Id.* Therefore, Watford's contention that *Johnson* invalidated his conviction and sentence for Count Three lacks merit and will be dismissed.

### B. Watford's Ancillary Arguments

Before dismissing the action, it is appropriate to dispose of some of Watford's ancillary contentions for relief. Watford notes, and the Court agrees, that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under either the Force Clause or the Residual Clause. (ECF No. 60, at 3 (citing *United States v. Simms*, 914 F.3d 229, 233–34, 236 (4th Cir. 2019).) Watford then suggests that because he was not convicted of Count Two, the predicate offense of aiding and abetting Hobbs Act robbery for his § 924(c)(1) conviction in Count Three, the conviction on Count Three is invalid. This suggestion lacks merit. It is well established that "a defendant's conviction under § 924(c)(1) doesn't depend on his being convicted—either previously or contemporaneously—of the predicate offense, so long as the 'evidence was sufficient to permit the jury to find [the elements of the predicate offense] beyond a reasonable doubt.'" *United States v. Crawley*, 2 F.4th 257, 264 (4th Cir. 2021) (quoting *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997)).

Watford persists that his conviction for Count Three must be vacated because the Statement of Facts failed to "establish that Mr. Watford had advance knowledge that the co-conspirator at the Sal's Pizza incident was armed, i.e., that he knowingly associated himself with that firearm offense; such knowledge and knowing association is a necessary predicate for a conviction under an aiding and abetting theory according to the Supreme Court." (ECF No. 60, at 4.) In support of this theory, Watford quotes *Rosemond v. United States*, 572 U.S. 67, 77–78 (2014), wherein the Supreme Court stated:

> the § 924(c) defendant's knowledge of a firearm must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense. But when an accomplice knows nothing of a gun until it appears at the scene, he may already have completed his acts of assistance; or even if not, he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun. As even the Government concedes, an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has "foreknowledge that his confederate will commit the offense with a firearm." For the reasons just given, we think that means knowledge at a time the accomplice can do something with it—most notably, opt to walk away.

*Rosemond v. United States*, 572 U.S. 65, 78 (2014) (internal citation omitted). This line of authority is of no assistance to Watford because the Statement of Facts reflects that only *after* Watford's partner in the robbery discharged his firearm were Watford and his partner able to obtain the cash from the employees of Sal's Pizza and complete the robbery. (ECF No. 24, at 1.) When the gun was discharged and before the employees

8

handed over the money, Watford had ample opportunity "to walk away." *Rosemond*, 572 U.S. at 78. By "deciding instead to go ahead with his role in the venture," Watford demonstrated "his intent to aid an armed offense." *Id.* Accordingly, this argument lacks merit and will be dismissed.

### IV. Conclusion

Watford's claims will be DISMISSED. The § 2255 Motion (ECF No. 35) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Final Order will issue.

/s/
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: December 21, 2021

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Watford has not satisfied this standard.